UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMONDO PORCU,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>　　　　　　　　　Defendant. | Case No.: 23cv2302-LL-BJC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**[ECF No. 4]** |

　　　　Pending before the Court is Defendant Geico General Insurance Company's Motion to Dismiss Plaintiff Edmondo Porcu's Putative Class Action Complaint Pursuant to Rules 12(b)(1) and 12(b)(6), or in the Alternative for Joinder under Rule 19 and to Strike under Rule 12(f). ECF No. 4. Plaintiff filed an Opposition to Defendant's Motion, and Defendant filed a Reply. ECF Nos. 7, 8. A request for oral argument and motions for leave to file and comment on supplemental authority were made. ECF Nos. 9, 11, 12. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss **WITH LEAVE TO AMEND** and **DENIES AS MOOT** the remaining requests and motions.

//

## I. BACKGROUND

Plaintiff leased a car from BMW Financial Services ("BMW") in December 2022. ECF No. 1, ¶ 10. Under the lease agreement, Plaintiff agreed to pay BMW an initial payment of $3,000, plus $590.46 per month for 36 months, in exchange for the right to possess and drive the car for three years. ECF No. 1-3, at 3. If and when he elected and completed the necessary steps, Plaintiff also had the option to purchase the car, including at the end of the lease term for an additional $21,270. *Id*. at 3, 6. As required by the lease agreement, Plaintiff bought a car insurance policy from Defendant that provided physical damage and collision coverage for the car. ECF No. 1, ¶ 10; ECF No. 1-3, at 4. The insurance policy was active when Plaintiff leased the car, and he renewed the policy for the period of January 26, 2023, through July 26, 2023. ECF No. 1, ¶ 10.

On February 8, 2023, Plaintiff was in a traffic accident in San Diego, California. *Id*., ¶ 11. Defendant accepted coverage for the accident and declared the leased car a total loss. *Id*. Defendant determined it owed $37,099.22 for the totaled car. *Id*. Plaintiff does not dispute how much Defendant owed for the totaled car. *Id*. Instead, Plaintiff disputes who was entitled to payment under the insurance policy—him or BMW. *Id*.

At the time of the traffic accident, Plaintiff owed $31,106.82 to BMW under the lease agreement. *Id*. Plaintiff argues BMW was only entitled to that $31,106.82 amount while he should have been paid the remaining $5,992.50 equity surplus. *Id*. However, Defendant paid the full $37,099.22 to BMW. *Id*. So, Plaintiff alleges to have suffered an injury in fact and lost money due to Defendant's unlawful, unfair, and fraudulent actions. *Id*., ¶¶ 11, 85. Specifically, Plaintiff sues Defendant for (1) breach of contract; (2) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (3) breach of the implied covenant of good faith and fair dealing; and (4) declaratory relief. *Id*., ¶¶ 60–106.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the Court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiff has the

burden of establishing that this Court has subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Challenges to subject matter jurisdiction may be facial or factual. *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). Facial challenges assert that the allegations are insufficient to invoke federal jurisdiction, while factual challenges dispute the truth of legally sufficient allegations. *Id.* (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). In a facial challenge, the Court accepts a plaintiff's allegations as true and draws all reasonable inferences in their favor. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)) (noting that facial attacks are resolved using the same standard as a Rule 12(b)(6) motion to dismiss). However, if a defendant brings a factual challenge, usually by introducing evidence outside the pleadings, the plaintiff must support their jurisdictional allegations with competent proof under the same evidentiary standard that governs summary judgment evidence. *Id.* (citations omitted).

If the Court has jurisdiction to address the merits, a complaint may be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). Nonetheless, courts are not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III.   DISCUSSION

Defendant's Motion to Dismiss, brought under Rules 12(b)(1) and 12(b)(6), argues that Plaintiff has not sufficiently alleged the causes of action for all four claims and that Plaintiff lacks standing to seek injunctive relief. ECF No. 4, at 2.

### A.   Claim 1: Breach of Contract

Defendant argues that since Plaintiff did not have an equity interest in the totaled car, it was required to pay the car's actual cash value to the one with the controlling interest, which the insurance policy permits. ECF No. 4-1, at 11–18; ECF No. 8, at 2–5.

A claim for breach of contract under California law requires the (i) existence of a contract; (ii) plaintiff's performance of the contract or excuse from non-performance; (iii) defendant's breach of the contract; and (iv) plaintiff incurring damage. *D'Arrigo Bros. of California v. United Farmworkers of Am.*, 224 Cal.App.4th 790, 800 (2014) (citations omitted). A plaintiff must plead "appreciable and actual damage" in relation to their breach of contract claim. *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1028 (N.D. Cal. 2012) (citing *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000)). "Nominal damages, speculative harm, or threat of future harm do not suffice to show legally cognizable injury." *Id*. "In an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached." *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011).

Plaintiff references several parts from his insurance policy with Defendant, but primarily relies on the Loss Payable Clause as the relevant provision creating the obligation Defendant allegedly breached. ECF No. 1, ¶¶ 33–34, 90; ECF No. 1-2, at 24. It reads in part: "Any claim under the Physical Damage Coverages of the policy will be paid jointly to the *insured* and the Lienholder in the Declarations"; "Whenever we pay the Lienholder, we shall be subrogated to the Lienholder's rights of recovery to the extent of the payment"; and "We may settle a claim at our option by separate payment to the insured and the

Lienholder." ECF No. 1-2, at 24 (emphasis in original). Plaintiff argues that only he is listed in the Declarations as a named insured while BMW is only listed as a lienholder. ECF No. 7, at 15; ECF No. 1-2, at 8. Plaintiff then argues that in the event of a total loss payout, BMW's rights to recovery as the lienholder are limited to the amount it is owed under the lease agreement rather than the appreciated actual cash value of the car it owns. ECF No. 1, ¶¶ 33–34.

Plaintiff is mistaken. Payment to BMW under the Loss Payable Clause was permissible. BMW is both a lienholder and an additional insured. ECF 1-2, at 8, 54. Another policy provision states that Defendant "may settle claims for *loss* either with the *insured* or the owner of the property." ECF 1-2, at 34 (emphasis in original). Most importantly, Plaintiff fails to allege any facts that he has an equity interest in the totaled car and was therefore entitled to the equity surplus of the total loss payout. *See* ECF No. 1. In fact, while Plaintiff's lease agreement with BMW provides for a purchase option, he does not allege exercising that option. *See id*; ECF No. 1-3, at 6. Just because "Plaintiff had a contract for insurance of a lease vehicle does not lead to the conclusion that he was entitled to the benefit of all proceeds on a vehicle he did not own." *Kumar v. Ally Fin. Inc.*, No. 22-cv-05184-SVW-MRW, 2022 WL 16962283, at *3 (C.D. Cal. Oct. 17, 2022); *see also Tarkett v. USAA Gen. Indem. Co.*, No. 3:23-cv-01724-H-BLM, 2024 WL 2925325, at *4 (S.D. Cal. Jun. 10, 2024) (dismissing the plaintiff's breach of contract claim against his insurer when he "fails to allege any facts in his amended complaint that he has an equity interest in the totaled vehicle and thus, was entitled to the equity surplus of the total loss payout").

Because Plaintiff has not sufficiently alleged a claim for Defendant breaching its insurance policy with him, the first claim is **DISMISSED**.

**B.     Claim 2: California's Unfair Competition Law**

Defendant argues the UCL claim should be dismissed because Plaintiff fails to plead the equitable prerequisite of lack of an alternative remedy; seeks unrecoverable damages; lacks standing to pursue injunctive relief; and fails to plausibly allege an unlawful, unfair,

or fraudulent business act or practice. ECF No. 4-1, at 18; ECF No. 8, at 6–8.

To bring a claim for a violation of California's UCL, "a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (quoting Cal. Bus. & Prof. Code § 17200). The UCL's coverage is "sweeping," and its standard for wrongful business conduct is "intentionally broad." *In re First Alliance Mortg. Co.*, 471 F.3d 977, 995 (9th Cir. 2006) (citation omitted). An "unlawful" practice under the UCL is a business practice that "is forbidden by law." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

An "unfair" practice is a business practice that "offends an established public policy" or is "unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id.*; *see also Day v. AT&T Corp.*, 63 Cal. App. 4th 325, 332 (1998) ("An 'unfair' practice under section 17200 is one 'whose harm to the victim outweighs it benefits.'" (citation omitted)). "A fraudulent business practice is one that is likely to deceive members of the public." *Boschma v. Home Loan Ctr., Inc.*, 198 Cal. App. 4th 230, 252 (2011) (citation omitted). "The challenged conduct 'is judged by the effect it would have on a reasonable consumer.'" *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012). However, "[u]nlike common law fraud, a [UCL] violation can be shown even without allegations of actual deception, reasonable reliance and damage." *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 838 (2006). "Absent a duty to disclose, the failure to do so does not support a claim under the fraudulent prong of the UCL." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1557 (2007).

Here, the UCL claim seeks equitable relief by way of restitution and injunctive relief. ECF No. 1, ¶ 85. "[E]quitable relief is not appropriate where an adequate remedy exists at law." *Schroeder v. U.S.*, 569 F.3d 956, 963 (9th Cir 2009). A plaintiff "must establish that []he lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (citations omitted); *see also Martinez v. Ford Motor Co.*, No. 22-cv-01082-MMA, 2022

WL 14118926, at *8 (S.D. Cal. Oct. 24, 2022) ("[A] party seeking equitable relief must specifically plead the inadequacy of monetary damages in federal court.") (citations omitted). Plaintiff, however, failed to do so here. *See* ECF No. 1.

Plaintiff argues his claim for equitable relief is pled in the alternative and as such permissible. ECF No. 7, at 19–20, 26. Claims for equitable relief may be pled in the alternative at the pleading stage. *See Johnson-Jack v. Health-Ade LLC*, 587 F. Supp. 3d 957, 976 (N.D. Cal. 2022). Still, a "plaintiff must, at a minimum, plead that []he lacks adequate remedies at law if []he seeks equitable relief." *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021) (emphasis removed) (citations omitted); *see also Martinez*, 2022 WL 14118926, at *8. Plaintiff, again, failed to do so here. *See* ECF No. 1. The UCL claim is therefore dismissed on this ground. *See, e.g.*, *Tarkett*, 2024 WL 2925325, at *6 (dismissing the plaintiff's UCL claim because the "complaint contains no allegations establishing that Plaintiff's legal remedies are inadequate"); *Sonner*, 971 F.3d at 844; *Freund v. HP, Inc.*, No. 22-cv-03794-BLF, 2023 WL 187506, at *6 (N.D. Cal. Jan. 13, 2023) (dismissing claims for equitable relief because the plaintiffs failed to plead they lack an adequate remedy at law); *Clark v. Am. Honda Motor Co.*, No. 20-cv-03147-AB-MRWx, 2021 WL 1186338, at *8 (C.D. Cal. Mar. 25, 2021) ("Plaintiffs have not pointed to any allegation in the Complaint pleading that they lack an adequate remedy at law.").

Defendant also argues that Plaintiff lacks standing to pursue injunctive relief under the UCL. ECF No. 4-1, at 24–25; ECF No. 8, at 6–7. Prospective injunctive relief under the UCL requires a plaintiff to show a "a real or immediate threat of an irreparable injury." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (quoting *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001)) (emphasis removed). "In other words, the 'threatened injury must be certainly impending to constitute injury in fact' and 'allegations of possible future injury are not sufficient.'" *Davidson*, 889 F.3d at 967 (quoting *Clapper*, 568 U.S. at 409) (emphasis removed). Plaintiff here fails to plead any facts showing an immediate threat of a future injury that is certainly impending. *See* ECF No. 1. Plaintiff's future harm is thus "conjectural or hypothetical" and not "actual and

imminent." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). The UCL claim is therefore dismissed on this ground as well. *See, e.g.*, *Tarkett*, 2024 WL 2925325, at *6 (dismissing the plaintiff's UCL claim because the plaintiff "fails to plead any facts showing an immediate threat of a future injury that is certainly impending"); *Small v. Allianz Life Ins. Co. of N. Am.*, No. CV2001944TJHKESX, 2022 WL 17080169, at *1 (C.D. Cal. Mar. 29, 2022) (reasoning that because the plaintiff "did not allege that she has another [defendant] life insurance policy that could be at risk of termination for nonpayment of premiums," "she lacks standing to seek injunctive relief for her alleged UCL violations").

Because Plaintiff fails to state a claim for equitable relief and lacks standing to pursue injunctive relief under the UCL, the second claim is **DISMISSED** and the Court declines to address Defendant's remaining arguments under this claim.

### C.   Claim 3: Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendant argues the claim for breach of the implied covenant of good faith and fair dealing should be dismissed because it is duplicative of the claim for breach of contract. ECF No. 4-1, at 26–27; ECF No. 8, at 8–9.

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683 (1988) (citing Rest. 2d Contracts § 205). The implied covenant of good faith and fair dealing in every contract obligates "that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Comunale v. Traders & Gen. Ins. Co.*, 50 Cal. 2d 654, 658 (1958); *see also Thrifty Payless, Inc. v. The Americana at Brand, LLC*, 218 Cal. App. 4th 1230, 1244 (2013) ("The covenant is read into contract and functions 'as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract.'" (citation omitted) (emphasis removed)).

To assert a claim for breach of the covenant of good faith and fair dealing, a plaintiff "must show that the conduct of the defendant, whether or not it also constitutes a breach of

a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgement or negligence but rather by a conscious and deliberate act." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc*., 222 Cal. App. 3d 1371, 1395 (1990). Such conduct must "unfairly frustrate[] the agreed common purposes and disappoint[] the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Id*. Importantly, "[i]f the allegations do not go beyond the statement of a mere contract and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Id*.

Here, Plaintiff argues that Defendant breached its implied covenant of good faith and fair dealing by its "decision to pay the entire loss payout to the leasing companies instead of Plaintiff and other Class Members." ECF No. 1, ¶ 99. This is the same foundational premise as his claim for breach of contract. As such, the claim for breach of the implied covenant of good faith and fair dealing "must give way to the breach of contract claim." *Evanston Ins. Co. v. Harrison*, No. 20-cv-01672-WBS-KJN, 2021 WL 260011, at *3 (E.D. Cal. Jan. 26, 2021); *see also Tarkett*, 2024 WL 2925325, at *7 (dismissing the plaintiff's claim for breach of the implied covenant of good faith and fair dealing when he uses "the same factual predicate" as his "breach of contract claim").

Because Plaintiff's breach of the implied covenant of good faith and fair dealing claim is superfluous, the third claim is **DISMISSED**.

### D.     Claim 4: Declaratory Relief

Plaintiff seeks a "judicial determination of his rights and duties, and the rights and duties of absent Class Members, and a declaration as to whether [Defendant's] insurance benefit payout practice is illegal or a breach of contract." ECF No. 1, at ¶ 106. Defendant argues the claim for declaratory relief is entirely duplicative of the claim for breach of contract and therefore should be dismissed. ECF No. 4-1, at 27–28; ECF No. 8, at 9.

//

Under the Declaratory Judgment Act, "[a]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "Courts deny requests for declaratory relief when it is duplicative of other claims because '[a] claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action.'" *Glendora Courtyard, LLC v. BBVA Compass Bancshares Inc.*, No. 16-cv-01189-JLS-KSC, 2017 WL 960431, at *8 (S.D. Cal. Mar. 13, 2017) (quoting *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707–08 (N.D. Cal. 2009)); *see also Permpoon v. Wells Fargo Bank Nat. Ass'n*, No. 09-cv-01140-H-BLM, 2009 WL 3214321, at *5 (S.D. Cal. Sept. 29, 2009) (holding declaratory relief was "duplicative and unnecessary" when "the declaratory relief Plaintiffs seek is entirely commensurate with the relief sought through their other causes of action").

Here, the declaratory relief Plaintiff seeks is entirely commensurate with the relief sought through his breach of contract claim. *See Tarkett*, 2024 WL 2925325, at *7 (dismissing the plaintiff's claim for "'a declaration as to whether [Defendant's] insurance benefit payout practice is illegal or a breach of contract'" because it was "entirely commensurate with the relief sought through his breach of contract claim").

Because Plaintiff's declaratory relief claim is duplicative, the fourth claim is **DISMISSED**.

## IV. LEAVE TO AMEND

Courts have discretion to grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This discretion is guided by the strong federal policy favoring dispositions on the merits and permitting amendments with "extreme liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In deciding whether to grant such leave, courts consider five factors: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party," and (5) "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff seeks leave to amend for any dismissed claims, and Defendant cursorily opposes that request. ECF No. 7, at 32; ECF No. 8, at 8. Because it is conceivable that Plaintiff may cure the original pleading's deficiencies, the Court grants him leave to amend at this early stage of litigation. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("A district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

Any amended complaint must be complete by itself without reference to the original pleading. Any claim not re-alleged in an amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss **WITH LEAVE TO AMEND** and **DENIES AS MOOT** the remaining requests and motions. Within **thirty (30) days** of this Order, Plaintiff may file a first amended complaint to cure the original complaint's deficiencies, if he can.

**IT IS SO ORDERED.**

Dated:  August 9, 2024

_____
Honorable Linda Lopez
United States District Judge